UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-61596-SMITH/VALLE

| | |
|---|---|
| CENTRE DE RECHIERCHE MEDICO DENTAIRE AM, INC., | §<br>§<br>§ |
| Plaintiff, | §<br>§ |
| vs | §<br>§ |
| DIGITAL SMILE DESIGN BY COACHMAN, DSD PLANNING CENTER and DSD APPLICATIONS, LLC, | §<br>§<br>§<br>§<br>§ |
| Defendant. | |

_____

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
## OF DEFENDANT, DSD APPLICATIONS, LLC

Defendant, DSD Applications, LLC ("DSD Applications"), by and through the undersigned counsel, responds to the Complaint for Patent Infringement of Plaintiff, Centre De Rechierche Medco Dentaire Am, Inc. ("Centre de Rechierche"), and states as follows:

## ANSWER

### PARTIES

1.      DSD Applications is without knowledge of the allegations of Paragraph 1 and therefore they are denied.

2.      DSD Applications is without knowledge of the allegations of Paragraph 2 and therefore they are denied.  DSD Applications further denies that the patent is valid.

3.      DSD Applications is without knowledge of the allegations of Paragraph 3 and therefore they are denied.

4.    DSD Applications is without knowledge of the allegations of Paragraph 4 and therefore they are denied.

5.    DSD Applications denies the allegations of Paragraph 5.

6.    DSD Applications admits that it makes use of the "DSDApp" which has use in the dental field.  DSD Applications denies the remaining allegations of Paragraph 6 as they pertain to DSD Applications.  As to the allegations regarding other Defendants, DSD Applications is without knowledge as to those allegations and they are therefore denied.

## JURISDICTION AND VENUE

7.    DSD Applications admits that this purports to be such an action but denies that Centre De Recherche is entitled to any such relief or that subject matter jurisdiction exists.

8.    DSD Applications denies the allegations of Paragraph 8 as stated as they pertain to DSD Applications.  DSD Applications admits that it is a limited liability company that does business in the State of Florida.  As to the other Defendants, DSD Applications is without knowledge as to those allegations and therefore they are denied.

9.    DSD Applications admits that it conducts business in Florida and that it uses the DSDApp, which it created, in connection with same.  DSD Applications denies the remaining allegations of Paragraph 9 as they related to DSD Applications.  As to other Defendants, DSD Applications is without knowledge as to those allegations and therefore they are denied.

10.    DSD Applications denies the allegations of Paragraph 10 as they relate to DSD Applications.   As to other Defendants, DSD Applications is without knowledge as to those allegations and therefore they are denied.

11.     DSD Applications denies the allegations of Paragraph 11 as they relate to DSD Applications.   As to other Defendants, DSD Applications is without knowledge as to those allegations and therefore they are denied.

12.     DSD Applications denies the allegations of Paragraph 12 as they relate to DSD Applications.   As to other Defendants, DSD Applications is without knowledge as to those allegations and therefore they are denied.

13.     DSD Applications admits that it has a place of business in the Southern District of Florida.  DSD Applications denies the remaining allegations of Paragraph 13 as they pertain to DSD Applications.  As to other Defendants, DSD Applications is without knowledge as to those allegations and therefore they are denied.

## COUNT I
### (Patent Infringement of the '910 Patent)

14.     DSD Applications re-adopts its responses to Paragraphs 1 through 13 above as though fully set forth-herein.

15.     DSD Applications is without knowledge of the allegations of Paragraph 15 and therefore they are denied.  DSD Applications further denies that the patent is valid.

16.     DSD Applications is without knowledge of the allegations of Paragraph 16 and therefore they are denied.  DSD Applications further denies that the patent is valid.

17.     DSD Applications is without knowledge of the allegations of Paragraph 17 and therefore they are denied.

18.     DSD Applications is without knowledge of the allegations of Paragraph 18 and therefore they are denied.

19.     DSD Applications denies the allegations of Paragraph 19 as stated as to DSD Applications.  DSD Applications admits that it conducts business in Florida and that it makes use

of the DSDApp, which it created, in the dental field.  DSD Applications is without knowledge of the allegations of Paragraph 19 as they relate to other Defendants and therefore, they are denied.

20.     DSD Applications denies the allegations of Paragraph 20 as stated as to DSD Applications.  DSD Applications admits that it conducts business in Florida and that it makes use of the DSDApp, which it created, in the dental field.  DSD Applications is without knowledge of the allegations of Paragraph 20 as they relate to other Defendants and therefore, they are denied.

21.     DSD Applications denies the allegations of Paragraph 21 as to DSD Applications. DSD Applications is without knowledge of the allegations of Paragraph 21 as they relate to other Defendants and therefore, they are denied.

22.     DSD Applications denies the allegations of Paragraph 22 as to DSD Applications. DSD Applications is without knowledge of the allegations of Paragraph 22 as they relate to other Defendants and therefore, they are denied.

23.     DSD Applications denies the allegations of Paragraph 23 as stated as to DSD Applications.  To the extent that screen shots reflect the DSD App, which was created by DSD Applications, the screen shots speak for themselves.  DSD Applications is without knowledge of the allegations (and screenshots) of Paragraph 23 as they relate to other Defendants and therefore, they are denied.

24.     DSD Applications denies the allegations of Paragraph 24 as stated as to DSD Applications.  DSD Applications admits that it makes use of the DSDApp, which it created, in the dental field.  DSD Applications is without knowledge of the allegations of Paragraph 24 as they relate to other Defendants and therefore, they are denied.

**NemoDSD by Coachman**

25.    DSD Applications is without knowledge of the allegations of Paragraph 25 and therefore, they are denied.

26.    DSD Applications is without knowledge of the allegations of Paragraph 26 and therefore, they are denied.

27.    DSD Applications is without knowledge of the allegations of Paragraph 27 and therefore, they are denied.

28.    DSD Applications is without knowledge of the allegations of Paragraph 28 and therefore, they are denied.

29.    DSD Applications is without knowledge of the allegations of Paragraph 29 and therefore, they are denied.

30.    DSD Applications is without knowledge of the allegations of Paragraph 30 and therefore, they are denied.

31.    DSD Applications is without knowledge of the allegations of Paragraph 31 and therefore, they are denied.

32.    DSD Applications is without knowledge of the allegations of Paragraph 32 and therefore, they are denied.

33.    DSD Applications is without knowledge of the allegations of Paragraph 33 and therefore, they are denied.

34.    DSD Applications is without knowledge of the allegations of Paragraph 34 and therefore, they are denied.

35.    DSD Applications is without knowledge of the allegations of Paragraph 35 and therefore, they are denied.

36.     DSD Applications is without knowledge of the allegations of Paragraph 36 and therefore, they are denied.

37.     DSD Applications is without knowledge of the allegations of Paragraph 37 and therefore, they are denied.

38.     DSD Applications is without knowledge of the allegations of Paragraph 38 and therefore, they are denied.

39.     DSD Applications denies the allegations of Paragraph 39 as stated.   DSD Applications admits that the screen shots are from videos of the DSDApp.

### DSDApp by Coachman

40.     DSD Applications admits that videos of the DSDApp can be found at referred to YouTube links.

41.     DSD Applications denies the allegations of Paragraph 41 as stated.   DSD Applications admits that the DSDApp involves uploading of a photo of a patient.

42.     DSD Applications denies the allegations of Paragraph 42 as stated.   DSD Applications admits that the screen shot is from a video of the DSDApp.

43.     DSD Applications denies the allegations of Paragraph 43 as stated.   DSD Applications admits that the DSDApp does have 3D models of individual teeth.  DSD Application denies the use of a "library of digital images of smiles" or complete dentition models.

44.     DSD Applications denies the allegations of Paragraph 44.

45.     DSD Applications denies the allegations of Paragraph 45.

46.     DSD Applications denies the allegations of Paragraph 46.

47.     DSD Applications denies the allegations of Paragraph 47.

48.     DSD Applications denies the allegations of Paragraph 48 as stated.   DSD Applications admits that the DSDApp uses a positioning indicator.  DSD Applications denies the remaining allegations of Paragraph 48.

49.     DSD Applications denies the allegations of Paragraph 49.

50.     DSD Applications denies the allegations of Paragraph 50.

51.     DSD Applications denies the allegations of Paragraph 51.

52.     DSD Applications denies the allegations of Paragraph 52.

53.     DSD Applications denies the allegations of Paragraph 53.

54.     DSD Applications denies the allegations of Paragraph 54.

55.     DSD Applications denies the allegations of Paragraph 55.

DSD Applications denies all allegations not specifically admitted herein, including that Centre De Recherche is entitled to any of the relief set forth in its Request for Relief.  DSD Applications requests that the Complaint be dismissed with prejudice and DSD Applications be allowed to recover costs, fees, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

And for its Affirmative Defenses, DSD Applications states as follows:

1.      Centre De Recherche has failed to state a cause of action for which relief may be granted.

2.      Centre De Recherche's claims are barred as the patent at issue is invalid as the subject matter of the '910 Patent does not meet the requirements and fails to meet the conditions specified on 35 U.S.C. §§ 101, 102, 103 and 112.

3.      Any claim for damages for patent infringement by Centre De Recherche is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

4.      Centre De Recherche's claims are barred by the equitable doctrine of laches, having unreasonably delayed in bringing this action.

5.      Centre De Recherche's claims of infringement are barred, in whole or in part, by the equitable doctrine of waiver.

6.      The '910 Patent is unenforceable because one or more persons involved in the prosecution of the application that matured in the '910 Patent, made material misrepresentations and/or omissions to the United States Patent and Trademark Office with an intent to deceive the same, barring the subject action by such inequitable conduct.

7.      Any alleged damages sustained by Centre De Recherche, of which there were none, were occasion by the acts of Centre De Recherche.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY

Counter-Plaintiff, DSD Applications, LLC ("DSD Applications"), for its Counterclaim for Declaratory Judgment of Patent Invalidity against Counter-Defendant, Centre De Recherche Medico Dentaire AM Inc. ("Centre De Recherche") and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.      This is an action for a declaratory judgment that United States Patent 9,411,910 is invalid and unenforceable and not infringed by DSD Applications, either directly or as an inducing or contributory infringer.

2.      Counter-Plaintiff, DSD Applications, is a Delaware limited liability company, authorized to do business and doing business with the boundaries of the Southern District of Florida.

3.      Counter-Defendant, Centre De Recherche, is a Canadian company with its principal place of business in Laval, Quebec, Canada.

4.      This cause of action arises under the patent laws of the United States, Title 35, United States Code.  Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332 and 1338, in that this action is seeking relief under the patent laws of the United States, as well as there is diversity of citizenship between the parties and the amount in controversy exceeds, exclusive of interest, fees and costs, the sum or value of $75,000.  Venue in this District is proper under 28 U.S.C. § 1391.

5.      There is an actual case or controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

6.      This Court has personal jurisdiction over Centre De Recherche because Centre De Recherche has purposely directed its activities at residents in this judicial district.  It has had continuous and systematic contacts with the residents of this District and has conducted and is conducting business with the residents of this District.  Further, Centre De Recherche has purposely, continuously and systematically directed its marketing and sales to those in this District.

7.      Upon information and belief, Centre De Recherche is the owner by assignment of the entire right, title and interest in and to United States Patent No. 9,411,910 (the "'910 Patent"), dated August 9, 2016.  Broadly, the '910 Patent purports to claim a system for designing the dentition of a patient, comprising a first input for providing an image of the smile of the patient to the system and applying a set of visual indicators, ultimately for use in providing a virtual wax-up of a dental restoration of the patient.

8.      The system includes a library of digital images of smiles and a user interface for selecting a desired digital image to be applied to the patient's image of the smile.

9.      Centre De Recherche, upon information and belief, makes, uses and sells a product for dentists and dental labs under the names Getursmile GPS and Getursmile, which Centre De Recherche asserts integrates embodiments of the technology in the '910 Patent.

9

10.     Since the 1970s, however, restorative dentistry has involved the concept of using pictures or photographs of a patient (and later digital impressions of the teeth or computer tomography).  In the 1980s dental technicians used photographs of patients which they would draw over in connection with a dental correction.  In its base terms, Centre De Recherche's '910 Patent is a digital version of that employed since the 1970s.  Getursmile GPS and Getursmile uses digital images of smile (pictures of smiles) on a picture of the patient, resizing that picture to match the dimension of the patient, with no treatment details whatsoever.  The output is a picture, functioning like an automated Photoshop of a smile on the photo of a patient.  As such, the '910 Patent fails to meet the general requirements for patent protection.

11.     In sharp comparison, in 2006, Dr. Jan Haito published Anteriores, a leading comprehensive collection of natural tooth shapes in dental technology and dentistry.  Dr. Haito took pictures and analog impressions of smiles and replicated these to create natural smiles.  The Anteriores Concept involves 2D templates that show a tooth form, *i.e.,* round, triangle, square, as well as 3D analog models to reproduce a tooth form and create tooth reconstruction.  His libraries are used in dentistry as a standard.

12.     DSD Applications created the DSDApp in 2017.  DSDApp does not use digital images of smiles (or pictures of smiles), but instead, uses Dr. Haito's 2D and 3D templates of individual teeth that are adjusted and customized.  In fact, DSD Applications has licensed this information from Dr. Haito.

13.     The DSDApp uses facial proportions to place the individual teeth, a medical standard for restorations.  Its output is a treatment plan – a picture / proportions of the individual teeth / positioning details / measurements / a printable model of the new smile, taking into account customized 2D and 3D templates of individual teeth that are adjusted and customized.

14.     Notwithstanding, Centre De Recherche asserts that the '910 Patent is valid and that DSD Application's DSDApp infringes on the '910 Patent.  In August 2020, Centre De Recherche commenced an action in the United States District Court for the Southern District of Florida against DSD Applications and others, captioned *Centre d Recherche Mdico Dentaire Am Inc. v. Digital Smile Design by Coachman, et al.,* Case No. 20-cv-61596-SMITH/VALLE, claiming that DSD Applications and others are infringing on the '910 Patent.

15.     DSD Applications believes that the DSDApp does not infringe any valid claim of the '910 Patent, and that DSD Applications and the users of the DSDApp should be free to make, use, sell or license or offer to sell or license the DSDApp accused of infringement by Centre De Recherche.

16.     DSD Applications has made its noninfringement position known to Centre De Recherche.  DSD Application has also indicated that the '910 Patent is invalid.

17.     Based on the foregoing, there exists a substantial, actual and justiciable controversy between DSD Applications and Centre De Recherche which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18.     DSD Applications has not directly infringed, contributed to the infringement of, indirectly infringed, or induced others to infringe any valid claim of the '910 Patent either literally or under the doctrine of equivalents.

19.     The '910 Patent is invalid and unenforceable because the '910 Patent was not obtained in a manner consistent with, and required by, the provisions of the Patent Statutes of the United States, namely, 35 U.S.C. §§ 101, 102, 103 and 112.

WHEREFORE, Counter-Plaintiff/Defendant, DSD Applications, prays for judgment against Counter-Defendant/Plaintiff, Centre De Recherche, providing for the following relief:

(a)     A declaratory judgment that DSD Applications and the users of the DSDApp do not infringe, contribute to the infringement of, indirectly infringe, induce infringement of, or willfully infringe, any valid claim of the '910 Patent;

(b)     A declaratory judgment that each of the claims of the '910 Patent is invalid and unenforceable;

(c)     Declaring that Centre De Recherche and each of its affiliates, subsidiaries, officers, licensees, employees, agents, investors, successors, assigns, attorneys and any person in active concert or participation with them be restrained and enjoined from asserting any claim of the '910 Patent is valid and infringed by DSD Applications or the users of the DSDApp;

(d)     Declaring the case exceptional under 35 U.S.C. § 285 and awarding DSD Applications its attorneys' fees;

(e)     That DSD Applications be awarded its costs in connection with this matter;

(f)     Awarding DSD Applications such other and further relief as the Court deems just and proper.


Respectfully submitted,


By: /s/ *Andrew S. Rapacke*
Attorney for the Defendant/Counter-Plaintiff
THE RAPACKE LAW GROUP, P.A.
Florida Bar No. 0116247
1840 Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 9, 2020, under Federal Rule of Civil Procedure 5, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:


By: <u>/s/ *Andrew S. Rapacke*</u>
Florida Bar No. 0116247